IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DERRICK MARTIN, # R-49274,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 13-cv-416-JPG-PMF |
| | ) |
| **MR. HUDSON,** | ) |
| **MR. HASS,** | ) |
| **ANGELA GROTT,** | ) |
| **and RICHARD HARRINGTON,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter comes before the Court on Plaintiff's motion to reinstate complaint (Doc. 19), filed November 8, 2013. As shall be explained below, Plaintiff may not reopen this action to "reinstate" the amended complaint he has tendered to the Court. However, the Clerk shall be directed to file the amended complaint in a new action, so that Plaintiff may proceed on his First Amendment claims designated as Count 1 herein. In the new action, the Court shall also conduct a merits review on Plaintiff's new claims, pursuant to 28 U.S.C. § 1915A.

**Background**

Plaintiff filed his original complaint on April 30, 2013 (Doc. 1), seeking redress for the confiscation and destruction of several paintings he had created, as well as many art supplies stored in his cell. Upon preliminary review, the undersigned Judge referred Count 1 (against Defendants Hass, Hudson, and Grott) to United States Magistrate Judge Frazier for further pre-trial proceedings, but dismissed Counts 2 and 3 (Doc. 7, May 30, 2013). The Court ordered service on the Defendants. Plaintiff later moved to amend his complaint; the motion was granted

and he was directed to file his amended pleading by August 23, 2013 (Doc. 15). Instead, however, Plaintiff moved to voluntarily withdraw his complaint after he belatedly received a response to his grievances, signaling that he had yet to exhaust his administrative remedies on the claims in Count 1 (Doc. 16). He then appealed the grievances to the next administrative level.

The Court construed the motion as a notice of dismissal of Plaintiff's remaining claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) (Doc. 17). On August 8, 2013, judgment was entered dismissing Counts 1 and 2 without prejudice, and dismissing Count 3 with prejudice (Doc. 18).

Three months later, Plaintiff filed the instant motion to reinstate his complaint, explaining that he had pursued his grievance to Springfield but had received no response after waiting for several months (Doc. 19). He states that the earlier grievance response had been sent to him only after Defendants received notice of the instant action. Along with the motion, he tendered his amended complaint, requesting the Court to "reinstate" it so he might proceed in this action. The amended complaint was filed as an attachment to Plaintiff's motion, as were his numerous exhibits (Doc. 19, pp. 3-59).

**The Proposed Amended Complaint**

This pleading does not contain a distinct section naming each of the Defendants against whom Plaintiff wishes to bring his claims. However, in the body of the complaint, Plaintiff describes in detail the events supporting his claims in Count 1 against the three Defendants who remained in the action as of the time it was voluntarily dismissed.[1] This includes the shakedown of Plaintiff's cell and destruction of his artwork and other property on February 13, 2013, by

---

[1] Plaintiff stated claims against Defendants Hudson, Hass, and Grott. Although the claims against Menard Warden Harrington were dismissed, the Court ordered that the warden should remain as a party to the action, in order to carry out any injunctive relief that might be granted (Doc. 7, p. 3).

Defendant Hass, as well as the subsequent holding of his artwork by Defendant Hudson and others, and Defendant Grott's denial of his request for the return of his paintings.

The proposed amended complaint also contains new allegations against other prison officials, which were not included in the original action. Plaintiff claims that after he complained and filed grievances over the confiscation and destruction of his paintings and art materials, he was moved on March 21, 2013, to a cell with a "highly aggressive" cellmate (Doc. 19, pp. 8-9). He asserts that this cell move was to punish him for challenging Defendant Grott in the course of pursuing his grievances. Further, he claims that Lieutenant Bess (who was not previously named as a Defendant) placed him in danger by revealing, in front of the dangerous cellmate, that Plaintiff had sought an emergency cell change for his safety. Plaintiff was in fact moved to a different cell on April 9, 2013, but was moved again only three days later, to a cell back on the same gallery where the feared cellmate still resided. He claims that from that time up through the date of the proposed amended complaint, he continued to fear reprisal from the former cellmate (Doc. 19, p. 10).

In addition to the newly-described retaliation claim, and a new Eighth Amendment claim for placing him in a dangerous cell and gallery location, Plaintiff asserts further claims based on the facts underlying Count 1. These include another new Eighth Amendment claim, stating that the destruction of his artwork amounted to cruel and unusual punishment (Doc. 19, pp. 11-12). Finally, he again appears to assert a Fourteenth Amendment due process claim, and adds an equal protection claim, arising from prison officials' failure to consider or respond to his grievances (Doc. 19, p. 12). Similar allegations in the original complaint regarding the grievances were labeled as Count 3, and were dismissed with prejudice.

**Discussion**

Where a plaintiff wishes to amend his complaint after judgment, as Plaintiff seeks to do here, he may do so only after the judgment has been vacated or set aside pursuant to either Federal Rule of Civil Procedure 59(e) or 60(b) and the case has been reopened.  *Sparrow v. Heller*, 116 F.3d 204, 205 (7th Cir. 1997); *see also Abcarian v. McDonald*, 617 F.3d 931, 943 (7th Cir. 2010).  Thus, the Court must first assess whether grounds exist to vacate or set aside the judgment in this case.  Giving liberal construction to Plaintiff's motion, the Court construes it as a motion for relief from judgment under Rule 60(b).[2]

Rule 60(b) permits a court to relieve a party from a judgment based on the following grounds:

>    1) mistake, inadvertence, surprise or excusable neglect;
>    2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>    3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>    4) the judgment is void;
>    5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it propectively is no longer equitable; or
>    6) any other reason that justifies relief.

In essence, Plaintiff's reason for seeking reinstatement of this case is that he now has completed the process to exhaust his administrative remedies.  Unbeknownst to him at the time he filed the action, he had not yet exhausted his remedies, thus he filed this case prematurely.  This mistake was understandable given the fact that he did not receive a timely response to his original grievances.  However, this is not the sort of mistake contemplated by section 1 of Rule 60(b) – there was no mistake that caused the Court to enter judgment in error.  Instead, the

---

[2] Because the motion was filed long after the 28-day window for submission of a Rule 59(e) motion to amend or alter the judgment, it may only be considered under Rule 60(b).  See FED. R. CIV. P. 59(e); FED. R. CIV. P. 6(b)(2).

closure of the case and entry of judgment were entirely proper given the failure to exhaust.  *See Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004) (prisoner's filing was fatally premature even though he filed his case in the district court only two days before the prison system announced its final decision); *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 537 (7th Cir. 1999) ("a case filed before exhaustion has been accomplished must be dismissed"); 42 U.S.C. § 1997e(a). Furthermore, Plaintiff correctly brought this matter to the Court's attention before the Defendants filed any response, and before the Court was required to expend further resources to adjudicate his claims.

No other section of Rule 60(b) applies to Plaintiff's request, and the Court finds that the "catchall" provision of Rule 60(b)(6) is not applicable.  Despite the broad language – "any other reason that justifies relief" – a reprieve from a final judgment under this section "is an extraordinary remedy and is granted only in exceptional circumstances."  *Wickens v. Shell Oil Co.*, 620 F.3d 747, 759 (7th Cir. 2010) (quoting *Dickerson v. Bd. of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)).  Whether the circumstances in a given case are "extraordinary" is within the sound discretion of the court.  *Neuberg v. Michael Reese Hosp. Found.*, 123 F.3d 951, 955 (7th Cir. 1997).  Inmates frequently claim to experience delays or missing paperwork in the processing of their grievances within the various prisons and administrative levels of the Illinois Department of Corrections.  Nothing in the sequence of events described by Plaintiff is extraordinary, nor do the facts of this case justify relief from the judgment which was properly entered.

**Disposition**

For the above reasons, to the extent that it seeks to vacate the judgment in this case, the motion (Doc. 19) is **DENIED**.  The case shall not be reopened.

However, because Count 1 of the action was dismissed without prejudice, Plaintiff clearly has the right to re-file this claim in a new case. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) ("dismissal of the premature action may be followed by a new suit that unquestionably post-dates the administrative decision"); *see also Burrell v. Powers*, 431 F.3d 282, 285 (7th Cir. 2005) (dismissal of suit for failure to exhaust should be without prejudice to prisoner "initiating another action" after having exhausted administrative remedies). Further, it appears that the statute of limitations presents no bar to the pursuit of this claim in a newly-filed action, as the claim first arose in February 2013. Therefore, Plaintiff shall be allowed to pursue Count 1 in a new action. As noted above, the other claims raised in Plaintiff's proposed Amended Complaint will be subject to § 1915A review in that action.

Accordingly, the Clerk is **DIRECTED** to file Plaintiff's proposed Amended Complaint against Defendants Mr. Hudson, Mr. Hass, Angela Grott, Lt. Bess, and the Warden of Menard, along with all exhibits (Doc. 19, pp. 3-59), as a new civil rights action. The new case shall be randomly assigned to a District Judge. Plaintiff shall be notified of the new case number, and all future pleadings, motions, and any other documents relating to these claims shall be filed under that number in the new case.

**IT IS FURTHER ORDERED** that no fee shall be assessed to Plaintiff in the new action. He brought the original case under the reasonable belief, based on the inaction of prison official(s), that he had accomplished exhaustion of his administrative remedies because further steps were unavailable to him in the absence of any response from the grievance officer. He describes having made repeated inquiries and complaints to several prison officials seeking a response. When he received the awaited response after filing this suit, he voluntarily dismissed this action within a reasonable time, after resuming his efforts to further appeal the denial of his

grievances.  Under these circumstances, the Court concludes that Plaintiff should not be required to pay an additional filing fee in order to resubmit his voluntarily-dismissed claims in a new suit.

The Clerk is also **DIRECTED** to file a copy of this order in Plaintiff's new case, for reference purposes.

**IT IS SO ORDERED.**

**DATED: September 2, 2014**

*s/J. Phil Gilbert*
United States District Judge
