IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DERRICK MARTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:14-cv-956-JPG-DGW |
| ) | |
| MR. HUDSON, MR. HASS, ANGELA ) GROTT, LT. BESS, WARDEN OF ) MENARD, MRS. WOOZY, MRS. NEW, and ) UNKNOWN PARTY, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the Motion for Recruitment of Counsel filed by Plaintiff on July 30, 2015 (Doc. 29), the Motion for Subpoenas filed by Plaintiff on August 6, 2015 (Doc. 30), and the Motion for Leave to File filed by Plaintiff on August 6, 2015 (Doc. 31). The Motion for Recruitment of Counsel is **DENIED**, the Motion for Subpoenas is **DENIED WITHOUT PREJUDICE**, and the Motion for Leave to File is **GRANTED**.

Plaintiff has no constitutional nor statutory right to a Court-appointed attorney in this matter. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). However, 28 U.S.C. § 1915(e)(1) provides that the Court "may request an attorney to represent any person unable to afford counsel." Prior to making such a request, the Court must first determine whether Plaintiff has made reasonable efforts to secure counsel without Court intervention (or whether has he been effectively prevented from doing so). *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). If he has, then the Court next considers whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself . . . ." *Farmer v. Haas*, 990 F.2d 319, 321-322

(7th Cir. 1993); *Pruitt*, 503 F.3d at 655 ("the question is whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself."). In order to make such a determination, the Court may consider, among other things, the complexity of the issues presented and the Plaintiff's education, skill, and experience as revealed by the record. *Pruitt*, 503 F.3d at 655-656. Ultimately, the Court must "take account of all [relevant] evidence in the record" and determine whether Plaintiff has the capacity to litigate this matter without the assistance of counsel. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

In an Order on Plaintiff's request for a court order directing the prison to provide him access to a former cellmate in order to acquire an affidavit, this Court, in denying the motion, suggested that Plaintiff file a motion for recruitment of counsel. Plaintiff was also directed to explain in detail what testimony or information his former cellmate would provide in this matter. Plaintiff has not provided this information. In any event, even if such information was provided, counsel will not be recruited in this matter. Plaintiff's complaints stem from the confiscation and destruction of art work and art supplies by various correctional officers. He further alleges that he was retaliated against by being placed with an aggressive cellmate. Plaintiff's claims are not overly complicated nor will there be a need for any expert or extensive discovery. Plaintiff personally observed the confiscation and destruction of his property and has unique knowledge of his placement with an aggressive cellmate. While Plaintiff is hampered in his ability to acquire witness statements and other discovery because of his incarcerated status, such circumstances are not unique to Plaintiff. Plaintiff appears capable of reading and writing English, articulating his claims with detail and with following the directions of this Court. Plaintiff also appears to have a working grasp of the Federal Rules of Civil Procedure and the requirements of the Prison

Litigation Reform Act. The motion for recruitment of counsel is **DENIED**.

Plaintiff's motion for subpoenas is **DENIED WITHOUT PREJUDICE**. Plaintiff seeks subpoenas to acquire Defendants' work history, background, "write ups," litigation history, work shift and assigned location information for February 13, 2013. The Clerk must issue subpoenas on request of a party. FED.R.CIV.P. 45(a)(3). However, the Court has an obligation to protect persons subject to a subpoena and may preview subpoenas in order to ensure that the Court's subpoena power is not being abused. FED.R.CIV.P. 26(b)(2)(C), 45(c); *Marozsan v. United States,* 90 F.3d 1284, 1290 (7th Cir. 1996). Plaintiff has indicated that he requires various documents from Defendants. Any such document requests do not require a subpoena. Rather, Plaintiff must formulate and serve Requests to Produce as set forth in Federal Rule of Civil Procedure 34. Plaintiff is cautioned, however, that a request seeking the litigation or work history of a defendant is irrelevant to this proceeding. Plaintiff should tailor his requests so that he seeks only information that is relevant to his claim or a defense.

Finally, the Motion for Leave to File is **GRANTED**. The Court has reviewed the additional letter that Plaintiff sent to the Land of Lincoln Legal Assistance Foundation in considering whether the recruit counsel.

**IT IS SO ORDERED.**

**DATED: August 19, 2015**

    **DONALD G. WILKERSON**
    **United States Magistrate Judge**